UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CURTIS C. EVANS, #L2500**                                                                                          **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 3:15-cv-353-CWR-LRA**

**COMMISSIONER MARSHALL FISHER and**
**WARDEN N. HOGAN**                                                                                           **DEFENDANTS**

### MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Evans, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. The named Defendants are MDOC Commissioner Marshall Fisher and Warden N. Hogan. The Court, having liberally construed Plaintiff's Complaint [1] and Response [10], in consideration with the applicable law, finds that this case should be dismissed.

**I.     Background**

In April of 2015, Plaintiff was found guilty of a prison rule violation report (RVR) for disruptive behavior or disorderly conduct threatening the orderly operation of the facility. *See* Compl. [1] at 6; Resp. [10] at 3 (copies of RVR #01448748). The punishment for this disciplinary conviction was loss of privileges for 30 days. Plaintiff's appeal of the RVR and resulting punishment was denied by Warden Hogan. *See* Compl. [1] at 5 (copy of Administrative Remedy Program Response Form).

Plaintiff asserts various complaints regarding the RVR and disciplinary process which he claims violates MDOC policy and his constitutional rights to due process and equal protection. Specifically, Plaintiff argues that the report does not document his request for an investigation and witnesses, nor does the report contain the name of the delivering officer and the date and

time of the delivery. Plaintiff complains that despite these errors, Warden Hogan failed to overturn the guilty finding when he denied Plaintiff's appeal of the disciplinary action via the prison administrative remedy program. As relief, Plaintiff is requesting expungement of the disciplinary proceedings from his prison record and monetary damages.

## II.     Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Evans to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Plaintiff is asserting that his constitutional rights to due process and equal protection were violated when he lost prison privileges for 30 days and when he was denied relief in the prison grievance process.

### A.     Due Process

To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Plaintiff's loss of telephone use, visitation, and commissary privileges as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges). Since Plaintiff does not have a constitutionally protected right to certain privileges while in prison, his due process claim fails.

Likewise, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding inmate does not have protected liberty interest in filing grievances). Therefore, Plaintiff's claims related to how his grievance was handled by Defendant Hogan are frivolous. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

### B.     Equal Protection

"'[A] violation of equal protection occurs only when the government treats someone differently than others similarly situated. . .'". *Flores v. Livingston*, 405 F. App'x 931, 932 (5th

Cir. 2010) (quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)).  "A prisoner must allege either a specific act of discrimination or offer proof of discriminatory intent by prison officials; he may not rest an equal protection claim 'on only his personal belief that discrimination played a part' in the complained-of act."  *McAlister v. Livingston*, 348 F. App'x 923, 938 (5th Cir. 2009) (quoting *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)).

Plaintiff does not allege that he was treated differently from similarly situated prisoners with respect to the disciplinary process or the grievance procedure or that the defendants engaged in purposeful discrimination.  The liberality applied to a *pro se* litigant's pleadings does not allow the Court "to conjure up unpled allegations."  *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).  Plaintiff's conclusory statement that he was denied equal protection of the law fails to state a claim on which relief may be granted.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (finding a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions") (internal citation omitted).

As a final point, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process, he is not entitled to relief under § 1983.  These allegations, without more, simply do not rise to a level of constitutional deprivation.  *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).

### III. Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 2nd day of July, 2015.

                s/Carlton W. Reeves
                UNITED STATES DISTRICT JUDGE